UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI, | Case No. 2:24-cv-00800-JDP (PC) |
| Plaintiff, | **ORDER** |
| v. | GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE |
| JEFF LYNCH, | |
| Defendant. | ECF No. 5 |
| | **FINDINGS AND RECOMMENDATIONS** |
| | THAT THE COMPLAINT BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE PRISONER CIVIL RIGHTS CLAIM |
| | ECF No. 1 |
| | OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner, brings this action under section 1983, alleging that his rights were violated in connection with a previous conviction. ECF No. 1 at 4-5, 12. This action, as explained below, sounds in habeas corpus and cannot proceed as a civil rights action. I find that it would be futile to convert this action into one for habeas corpus, since plaintiff has already filed multiple habeas petitions attacking the relevant conviction. I will recommend this action be

1

dismissed on that basis. Additionally, I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 5.

## Screening Order

### I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's complaint attacks the validity of a conviction.  He argues, among other things, that his counsel was constitutionally ineffective, and that the prosecutor committed misconduct during his trial.  ECF No. 1 at 5.  Such claims must be brought, if at all, in a petition for habeas corpus.  *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [t]he Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action.").  There is little sense in converting this action into one for habeas corpus, because plaintiff has already filed two habeas petitions attacking what appears to be the same conviction.  *See Iseli v. Lynch*, 2:24-cv-00821-JDP; *Iseli v. Lynch*, 2:24-cv-01220-JDP.  Thus, I recommend that this action be dismissed.  If plaintiff has any rationale or justification as to why this action should proceed, he may state as much in his objections to these recommendations.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED.

2.  The Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that the complaint, ECF No. 1, be DISMISSED for the reasons stated above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __August 28, 2024__ 

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE